IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN P. LANE, Jr., Esq., | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 20-5761 |
| | : | |
| EASTTOWN TOWNSHIP, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

**TUCKER, J.**                                                                                                                                                 **September 29th, 2021**

Presently before the Court is Defendants Eugene Briggs, Easttown Township, Easttown Township Board of Supervisors, and Daniel Fox's Motions to Dismiss (ECF Nos. 5, 13); Defendants Andrew Rau and Unruh Turner Burke & Frees Attorneys at Law's Motions to Dismiss (ECF Nos. 8, 14); and Plaintiff's Memorandums of Law in Opposition (ECF Nos. 15, 16).

Plaintiff John P. Lane, Jr., Esq. brings this action against Defendants[1] regarding a land use dispute and a building permit application. In his Amended Complaint, Plaintiff raises claims under 42 U.S.C. §§ 1983 and 1985 for retaliation and obstruction of justice, respectively. Defendants move to dismiss all claims against them, asserting that Plaintiff fails to state a plausible claim. For the reasons detailed below, the Motions to Dismiss are **GRANTED** and all claims against Defendants are dismissed.

---

[1] Defendants are Easttown Township; Easttown Township Board of Supervisors; Eugene Briggs, individually and in his capacity as Easttown Township Zoning & Code Officer and Acting Township Manager; Daniel Fox, individually and in his capacity as Easttown Township Manager; Andrew Rau, individually and in his capacity as Easttown Township Solicitor; and Unruh Turner Burke & Frees Attorneys at Law.

1

I.      **FACTUAL BACKGROUND**[2]

In 2005, Plaintiff Lane became a member of the Waterloo Complex, LP, ("Waterloo Complex") a Pennsylvania limited partnership. Waterloo Complex is the owner of five (5) contiguous lots in Easttown Township: 30 Waterloo Avenue, Plaintiff Lane's current residence; 32 Waterloo Avenue; 36 Waterloo Avenue; and 709 Berwyn Avenue, comprised of two separate lots. Am. Compl. 4. On or around November 10, 2019, Lane initiated a mandamus action against Defendant Easttown Township in the Chester County Court of Common Pleas, Civil Action No. 2019-10964-MJ. The action sought to compel Easttown Township to issue two separate street addresses for a single deed at the 709 Berwyn Avenue. Am. Compl. 4. In that action, Plaintiff was represented by Frank Rizzo, Esq. Am. Compl. 7.

On or about January 3, 2020, Lane submitted a building permit application with Defendant Easttown Township for the 32 Waterloo Avenue property in his personal capacity as a contractor. Compl. 4. The Waterloo Complex contracted Lane to renovate the duplex situated on the 32 Waterloo Avenue property and convert it back into its previous capacity as a single-family dwelling. *Id.* On January 3, 2020, Building Inspector Rob McLarnon, for Defendant Easttown Township, and Lane briefly discussed Lane's plans for 32 Waterloo Avenue property. *Id.* On January 8, 2020, Lane received a telephone call from Linda Navarro, Receptionist and Building Clerk, who asked Lane whether his permit application was for the 709 Berwyn Avenue property which was involved in the mandamus action. Compl. 5. Lane informed her that it was not, then he spoke with Defendant Eugene Briggs. *Id.* Briggs "stated that 'our policy is not to issue permits to people with outstanding consulting fees,' and promptly hung up the telephone."

---

[2] In the Factual and Procedural Background section, the Court draws primarily from the facts submitted by Plaintiff in the Complaint (ECF No. 1) and Amended Complaint (ECF No. 9). Where discrepancies are present, the Court will cite to Defendants' Motion to Dismiss (ECF No. 13).

2

*Id.*  Lane alleges he has never owed outstanding consulting fees to Defendant Easttown Township.  *Id.*

On or about August 25, 2020, Briggs issued Plaintiff a citation for the 32 Waterloo Avenue property because of the demolition Plaintiff conducted prior to filing for a permit.  *Id.*  Plaintiff alleges that Defendant Rau sent Briggs to issue this citation when Unruh Turner received a copy of the Chester County mandamus action on August 24, 2020.  Am. Compl. 12.  Briggs corrected the citation for 32 Waterloo Avenue to cite Waterloo Complex as title holder to the property.  *Id.*  Waterloo Complex presently is before the Zoning Board for proceeding with demolition without a permit.  *Id.*

Plaintiff's attorney, Mr. Rizzo, had several phone conversations with Briggs between September 2020 and November 2020.  In these calls, Briggs allegedly did not explain or provide the policy that precluded Plaintiff from securing permits in January 2020.  *Id.*  On or about November 9, 2020, Rizzo sent an email to Briggs regarding the alleged policy that was demanding payment of fees before a permit would be issued to cure violations contained in the enforcement action pending against 32 Waterloo Avenue.  *Id.*  On or about November 11, 2020, Briggs responded that after consulting with Rau, Waterloo Complex would not be responsible to reimburse the Township for litigation defense costs by Unruh Turner in defending the mandamus lawsuit, and that those costs had been included inadvertently.  *Id.*  Briggs further provided Rizzo with a link to Easttown Township Ord. No. § 280-18.  *Id.*

Plaintiff maintains that at no time has there been any consultancy agreement in connection with 32 Waterloo Avenue, and the policy of forbidding permits to those with outstanding fees, as set forth by Briggs, is not supported by Easttown Township's Legislative Code.  Am. Compl. 8.  Plaintiff maintains that the alleged Easttown Township and/or Board

policy to refuse permit issuance to any individual with outstanding consulting fees was initiated by Defendant Andrew Rau on the advice and consent of Defendant Unruh Turner Burke & Frees Attorneys at Law.  *Id.*  Defendants disagree and explain that sections 400-8C and 455-98 of the Easttown Township Legislative Code confirm that the Township holds the authority to refuse to issue a permit until all fees have been paid in full.  Defs.' Mot. Dismiss 13.

Plaintiff also claims that Briggs did not issue him a copy of the alleged policy, and that Easttown Township failed to provide him with a written denial for his permit application, which is the Township's statutory duty under Pennsylvania law. Am. Compl. 10.  Plaintiff believes that Easttown Township and/or the Board's refusal to issue him a building permit for the 32 Waterloo Avenue property is in retaliation for Plaintiff having instituted the separate November 10, 2019 legal action against Easttown Township.  *Id.* at 10-12.  As a result of Easttown Township and/or the Board's failure to issue Plaintiff Lane a permit, in compliance with Pennsylvania law, he has been unable to perform his contractual obligations between himself and Waterloo Complex.  *Id.*

Plaintiff filed an Amended Complaint on February 11, 2021 bringing claims for § 1983 retaliation for exercising Fourteenth Amendment Due Process rights, and § 1985(2) for obstruction of justice. He seeks a building permit for 32 Waterloo Avenue property, compensation for lost wages, punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable, payment of pre and post judgment interest, cost of suit, attorney's fees, expert witness fees and such other relief as this Court deems just and proper.

## II.     LEGAL STANDARD

A Rule 12(b)(6) Motion to Dismiss seeks to test the sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  The touchstone of that pleading standard is

plausibility. *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotations omitted). Facial plausibility requires more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* A plaintiff will not prevail if he provides only "labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)). Instead, the plaintiff must detail "enough facts to raise a reasonable expectation that discovery will reveal evidence of 'each necessary element of the claims alleged in the complaint.'" *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Bell Atl. Corp.*, 550 U.S. at 556 (2007)).

The Third Circuit sets forth a three-part test that district courts must apply when evaluating whether allegations survive a 12(b)(6) motion to dismiss. *Santiago v. Warminster Twp.*, 629 F.3d 121 (3d Cir. 2010). A court must: (1) identify the elements of the claim; (2) review the complaint to strike conclusory allegations; and (3) look at the well-pleaded components of the complaint and evaluate "whether all the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). If the complaint fails to do so, the motion to dismiss will be granted.

**III.   DISCUSSION**

**A. Defendants Easttown Township, Easttown Township Board of Supervisors, Eugene Briggs, and Daniel Fox**

    i.    <u>Count I—42 U.S.C. § 1983 Claims</u>

Defendants Easttown Township, Easttown Township Board of Supervisors, Eugene Briggs, and Daniel Fox argue Plaintiff has not pled facts sufficient to state plausible claims against Defendants in Counts I or II, and this Court agrees. Whether Plaintiff's procedural due

5

process rights were violated depends on whether Plaintiff was denied the right to be heard in a meaningful manner.  Because "Pennsylvania's scheme for judicial review of administrative land use decisions has . . . passed constitutional muster," a due process violation claim against a municipality needs to have gone through the appropriate administrative review channels before being raised in federal court.  *Sixth Angel Shepherd Rescue Inc. v. West*, 790 F. Supp. 2d 339, 358 (E.D. Pa. 2011), *aff'd*, 477 F. App'x 903 (3d Cir. 2012) (citing *Perano v. Twp. of Tilden*, 423 F. App'x 234, 237 (3d Cir. 2011)).

"In order to establish a substantive due process claim, a plaintiff must prove the particular interest at issue is protected by the substantive due process clause and the government's deprivation of that protected interest shocks the conscience." *Hayburn vs. City of Phila.*, No. 11-6673, 2012 WL 3238344 at *5 (E.D. Pa. August 7, 2012) (quoting *Chainey v. Street*, 523 F.3d 200, 219 (3rd Cir. 2008)).  To "shock the conscience" is a high standard and a landowner's disagreement over a municipality's decision as to a permit application or zoning decision is insufficient to state a substantive due process claim.  *See Eichenlaub vs. Twp. of Indiana*, 385 F.3d 274, 286 (3d Cir. 2004); *Thomas vs. Independence Twp.*, 463 F.3d 285, 297 (3d Cir. 2006) ("the denial of plaintiffs' application for a liquor license transfer cannot support a due process claim.").  The Third Circuit has found conscience-shocking behavior where the misconduct involves "corruption, self-dealing, or a concomitant infringement on other fundamental individual liberties." *Maple Props., Inc. v. Twp. of Upper Providence*, 151 Fed. Appx. 174, 179 (3d Cir. 2005).  The Court explained that "the politics and animosities that often animate local decision-making are not matters of constitutional concern." *Id*. at 180

Further, in order to state a claim for failure to provide due process, a plaintiff must have taken advantage of the processes that are available to him or her, unless those processes are

unavailable or patently inadequate. A due process violation "is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process." *Zinermon v. Burch*, 494 U.S. 113, 126 (1990). If there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what he wants. *See McDaniels v. Flick*, 59 F.3d 446, 460 (3d Cir.1995); *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000). Plaintiff claims that Defendant Briggs did not issue a permit decision in violation of 35 Pa. Stat. Ann. § 7210.502 (West), and this inaction violated Plaintiff's procedural due process. However, 35 Pa. Stat. Ann. § 7210.502(a)(3) statutorily provides a built-in remedy that Plaintiff did not avail himself of. Plaintiff did not appeal Defendants' decision, regardless of whether Defendants' inaction was a default decision, or whether the phone call between Plaintiff and Briggs is the relevant decision under the municipal statute.

    ii.    <u>Count II—42 U.S.C. § 1985(2) Claims</u>

Plaintiff separately alleges that Defendants violated 42 U.S.C. § 1985(2). This involves two or more persons who conspire "for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice … with intent to deny to any citizen the equal protection of the laws." Plaintiff asserts Defendants conspired to deprive him of his Fourteenth Amendment right to due process under color of law because: (1) Defendants were retaliating against Lane for dropping pursuit of his subdivision and seeking mandamus; (2) Defendants have an interest in the subdivision process as it generates revenue for the Board of Supervisors' "appoint[ed] private consultants"; and (3) Defendants Solicitor Rau and his firm Unruh Turner Burke & Frees were attempting to protect significant billings for legal services.

7

The Third Circuit has held, to state a cause of action for a § 1985(2) conspiracy, a plaintiff must allege: (1) a conspiracy by the defendants; (2) that the conspiracy was designed to deprive plaintiff of the equal protection of the laws or equal privileges and immunities; (3) the commission of an overt act in furtherance of that conspiracy; (4) a resultant injury to person or property or a deprivation of any right or privilege of citizens; and (5) that defendants' actions were motivated by a racial or otherwise class-based invidiously discriminatory animus. *Litz v. City of Allentown*, 896 F. Supp. 1401, 1414 (E.D. Pa. 1995); *Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006). The Supreme Court has clarified that commercial and economic animus cannot form the basis for a section 1985(3) claim. *United Bhd. of Carpenters and Joiners of Am., Loc. 610 AFL-CIO v. Scott*, 463 U.S. 825, 838 (1983).

Here, Plaintiff must allege facts showing more than an improper motive behind Defendant's inaction in rendering a final decision on the permit application. As stated before, the Complaint is devoid of any allegations of discriminatory animus based on racial or ethnic bias. To support a substantive due process claim, then, Plaintiff must allege facts showing self-dealing or corruption. The closest Plaintiff comes to making such an assertion is Briggs' statement that "our policy is not to issue permits to people with outstanding consulting fees." Plaintiff has failed to establish any of the elements of a conspiracy under § 1985. Accordingly, the claim is dismissed.

**B. Defendants Andrew Rau and Unruh Turner Burke & Frees Attorneys at Law**

In Count II of Plaintiff's Amended Complaint he claims that Defendants Andrew Rau and Unruh Turner Burke & Frees Attorneys at Law violated § 1985(2) by obstructing justice and intimidating a party with respect to a preceding he initiated in the Chester County Court of Common Pleas. Plaintiff seeks an award of damages, declaratory and injunctive relief, and

attorneys' fees.  Defendants argue that Plaintiff fails to plead facts sufficient to state a plausible claim pursuant to Fed. R. Civ. P. 12(b)(6), and this Court agrees.

Plaintiff has failed to state the elements of a cause of action for conspiracy under § 1985(2).[3]  *See Farber*, 440 F.3d at 134 (internal citations omitted); *see also United Bhd. of Carpenters & Joiners of Am., Loc. 610 AFL-CIO*, 463 U.S. at 828-29; *Griffin v. Breckenridge*, 403 U.S. 88, 91 and 102-03 (1971)); *see also Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997).

"[C]ivil rights conspiracies, whether brought under Section 1983 or Section 1985, require a 'meeting of the minds,' and to survive a motion to dismiss, plaintiffs must provide some factual basis to support the existence of the elements of a conspiracy, namely, agreement and concerted action." *Voth v. Hoffman*, No. 14-7582, 2016 WL 7535374, *9 (D. N.J. April 28, 2016) (citing *Startzell v. City of Philadelphia*, 533 F.3d 183, 205 (3d Cir. 2008).  42 U.S.C. § 1985(3) provides the remedy for § 1985(2), and "notably, the Third Circuit has further explained that a Section 1985(3) plaintiff must establish: '(a) that a racial or other class-based invidious discriminatory animus lay behind the coconspirators' actions, (b) that the coconspirators intended to deprive the victim of a right guaranteed by the Constitution against private impairment, and (c) that the right was consciously targeted and not just incidentally affected." *Voth*, 2016 WL 7535374, at *9 (citing *Brown v. Philip Morris Inc.*, 250 F.3d 789, 805 (3d Cir. 2001)).

First, nowhere in Plaintiff's Amended Complaint does he plead facts to establish a meeting of the minds or from which a conspiratorial agreement by the Defendants to deprive Plaintiff of a right guaranteed by the Constitution can be inferred.  Under the second prong, Plaintiff fails to plead that any of the Defendants conspired for the purpose of depriving Plaintiff

---

[3] Plaintiff fails to meet elements one through four: (1) a conspiracy; (2) for the purpose of depriving, directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) injury in person or property or deprived of any right or privilege of a citizen of the United States.

9

of the equal protection of the laws or of equal privileges and immunities under the laws. With respect to the third prong, Plaintiff does not allege an act in furtherance of the conspiracy. To survive a motion to dismiss, a plaintiff must provide some factual basis to support the existence of the elements of a conspiracy, namely agreement and concerted action." *See e.g. Voth*, 2016 WL 7535374, at *9.

As for the fourth prong, regarding deprivation of Plaintiff's alleged Fourteenth Amendment due process rights, the Third Circuit explained in *Eichenlaub*: "whether a zoning official's actions or inactions violate due process is determined by utilizing a 'shocks the conscience' test. That test, of course, is not precise, and it also 'varies depending on the factual context.'" 385 F.3d at 285. Plaintiff alleges no shockingly egregious actions and fails this test. *See Customers Bank v. Municipality of Norristown*, 942 F. Supp. 2d 534, 540 (E.D. Pa. 2013); *see also City of Sacramento v. Lewis*, 513 U.S. 833 (1988)). The "shocks the conscience" standard encompasses "only the most egregious official conduct." *United Artists Theatre Circuit, Inc. v. Twp. of Warrington*, 316 F.3d 392 (3d Cir. 2003).

The second clause of § 1985(2) aims at proscribing conspiracies that interfere with the administration of justice in state courts. *Kush v. Rutledge*, 460 U.S. 719, 719-720 (1983); *Davis v. Twp. of Hillside*, 190 F.3d 167, 171 (3d Cir. 1999) (limiting the second clause of § 1985(2) to conspiracies based on racial or some other class-based invidiously discriminatory animus); *see also Brown v. Friel*, No. 16-1819, 2019 WL 4034684 at *12 (E.D. Pa. August 26, 2019) *reconsideration denied,* No. 16-1819, 2020 WL 1820981 (E.D. Pa. Apr. 10, 2020), and *aff'd,* 842 F. App'x 792 (3d Cir. 2021). Importantly, the second clause of § 1985(2) focuses on the deprivation of equal protection of the laws with respect to state court judicial proceedings, and

therefore requires as an element of a plaintiff's claim racial or otherwise class-based discriminatory animus. This is an added requirement for claims arising under the second clause.

Claims under 42 U.S.C. § 1985(2), like those under 42 U.S.C. § 1985(3), require a plaintiff to plead that an alleged conspiracy was motivated by racial or other class-based discriminatory animus in order to state a claim for relief. There is no averment in the Amended Complaint that Moving Defendants – or any of the Defendants – were motivated by racial or class-based discriminatory animus or that Plaintiff is a member of a racial minority or a protected class. There was no mention of Plaintiff's race or ethnicity, nor any allegation that Defendants treated Plaintiff differently than others in similar circumstances due to his membership in a racially-protected group or an otherwise protected class. An indispensable element of both the second clause of § 1985(2) and of § 1985(3) is the requirement that a plaintiff allege some class-based animus. Without that, the Amended Complaint fails to state a claim upon which relief can be granted under 42 U.S.C. § 1985(2). Accordingly, Count II is dismissed because Plaintiff has failed to state a claim for relief.

The Court also dismisses the claim for punitive damages as against all Defendants because Plaintiff has not alleged in any pleading that Defendants have engaged in egregious or malicious behavior.

### IV.   CONCLUSION

Plaintiff has failed to plead sufficient facts to allege that Defendants violated his due process rights in his building permit application process. Accordingly, all claims against Defendants Eugene Briggs, Easttown Township, Easttown Township Board of Supervisors, Daniel Fox, Andrew Rau, and Unruh Turner Burke & Frees Attorneys at Law are **DISMISSED**.

An appropriate order follows.